IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIABETES AMERICA, INC., | § | CASE NO. 10-41521-H1-11 |
| | § | |
| Debtor. | § | |

**DEBTOR'S EXPEDITED MOTION TO APPROVE
(I) SALE PROCEDURE, FORM OF ASSET PURCHASE AGREEMENT
AND FORM OF NOTICE; AND (II) BID PROTECTIONS**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 18, 2011 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK AVENUE, HOUSTON, TEXAS.  IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO AUGUST 18, 2011.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**To the Honorable Marvin Isgur,
Chief United States Bankruptcy Judge:**

Diabetes America, Inc. (the "Debtor") files this Motion to Approve (i) Sale Procedure, Form of Asset Purchase Agreement and Form of Notice; and (ii) Bid Protections.

## Nature of the Motion

1.     The Debtor has negotiated a term sheet providing for the sale of substantially all of its operating assets to EDG Partners Fund II, L.P. (together with its affiliates and assigns, "EDG") free and clear of all liens, claims, interests and encumbrances under 11 U.S.C. §§ 1129(b)(2)(A)(iii) and 1123(a)(5) for a cash purchase price of $4,750,000 plus the assumption of up to $925,000 in certain post-petition accrued liabilities.  The agreement between the Debtor and EDG will form the foundation of the Debtor's chapter 11 plan of liquidation.  Under the contemplated plan, an auction will be conducted in connection with confirmation.  In order to

2451921v2

induce EDG to serve as the "stalking horse" bidder in the sale process, the Debtor has agreed to certain bid procedures and protections. The Debtor seeks court approval of these procedures and bid protections as set forth below.

## Expedited Consideration

2. The Debtor requests expedited consideration of this motion. The exclusive period for the Debtor to file a chapter 11 plan expires on August 19, 2011. The proposed sale procedure and bid protections are integral to the liquidating plan that will be proposed by the Debtor. Moreover, if a sale is not closed in the next 90 days, the Debtor may not have sufficient resources to fund its ongoing operations and any going concern value will be lost. Under the circumstances, the Debtor believes that expedited consideration of the proposed sale procedure and bid protections is warranted. No party is prejudiced as all interested purchasers may participate in the sale process.

## Background

3. On December 21, 2010, the Debtor filed this chapter 11 case. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. On July 14, 2011, the Debtor filed its application to employ WoodRock & Co. ("WoodRock") as its investment banker in this case [Docket No. 233].

5. Starting in early July, 2011, WoodRock and the Debtor began assembling marketing and due diligence materials to initiate a process designed to evaluate all options to (i) sell all or part of the Debtor's operating assets; (ii) raise new equity capital; (iii) obtain new debt financing; or (iv) achieve a combination of the foregoing. In the process, the Debtor and WoodRock immediately began contacting interested parties regarding their interest in the

Debtor.  These efforts resulted in several indications of interest.  WoodRock fully explored each indication of interest that was received.  The Debtor ultimately received term sheets from two interested parties.  Each term sheet went through multiple iterations and price increases.  After extensive negotiations with both interested parties, the Debtor selected EDG as its stalking horse bidder.  A copy of the EDG Term Sheet (the "Term Sheet") is attached as **Exhibit 1**.

6. The Debtor and EDG are in the process of negotiating the terms of a definitive asset purchase agreement (the "Asset Purchase Agreement"), which will be filed with the Court prior to the hearing on this motion.  The Term Sheet and Asset Purchase Agreement will be subject to higher and better offers.  Under the Term Sheet, the Debtor has agreed to seek approval of a sale procedure, form of Asset Purchase Agreement, form of notice and certain bid protections as more fully set forth below.

7. The Debtor also intends to file its chapter 11 plan in the coming weeks.  The Debtor's chapter 11 plan will incorporate the sale procedure and bid protections set forth herein.  Under the plan, the Debtor intends to sell its operating assets to the winning bidder under §§ 1129(b)(2)(A)(iii) and 1123(a)(5) of the Bankruptcy Code.  The Debtor requests that the Court consider approval of the sale to the winning bidder at the hearing on the confirmation of the Debtor's chapter 11 plan (the "Confirmation Hearing").

**The Sale Procedure, Form of Asset Purchase Agreement and Form of Notice**

8. The Debtor seeks approval of the following:

   **Asset Purchase Agreement**.  The Debtor and EDG are in the process of preparing an Asset Purchase Agreement.  The Debtor will file the Asset Purchase Agreement before the hearing on this motion.  The Debtor seeks approval of the form of Asset Purchase Agreement.

**Notice of Confirmation Hearing**. Within five (5) business days following the entry of an order approving this motion, the Debtor will serve by first class mail a notice of the proposed sale containing the date of the Confirmation Hearing to: (i) all potential purchasers previously identified or solicited by the Debtor and/or WoodRock during this bankruptcy case; (ii) all other potentially interested parties identified by the Debtor and/or WoodRock (collectively, with the parties identified in (i) above, the "Potential Purchasers"); (iii) the Office of the United States Trustee; (iv) counsel for EDG; (v) counsel for the Official Committee of Unsecured Creditors (the "Committee"), (vi) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Purchased Assets (as defined in the Term Sheet); (vii) all applicable United States, state and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the relief requested under the Debtor's chapter 11 plan; and (viii) all parties on the most current master service list filed in this case.

**Qualified Bidders**. Only Qualified Bidders may participate in the bidding process. To become a Qualified Bidder, a potential bidder must on or before 5:00 p.m. Central Time on September 15, 2011 (i) execute and deliver to WoodRock a confidentiality agreement prepared by the Debtor and approved by EDG, (ii) deposit with counsel for the Debtor the sum of $500,000 (each, the "Alternative Buyer's Deposit") which deposit shall be nonrefundable unless such Qualified Bidder is not the highest and best offer as determined by the Court; (iii) submit to the Debtor an unqualified and binding cash bid of at least $5,250,000, plus the assumption of up to $925,000 in post-petition accrued non-professional liabilities along with an executed written agreement substantially in the form of the Asset Purchase Agreement as determined by the Debtor ("Qualified Bids"); and (iv) provide financial and other information to WoodRock, the Debtor and the Committee that allow them to make a reasonable determination as to such bidder's ability to consummate a sale as contemplated herein. Credit bids shall not be considered Qualified Bids. EDG is and shall be deemed to be a Qualified Bidder and a party in interest for all purposes. If no other Qualified Bidders are identified, the Asset Purchase Agreement between the Debtor and EDG shall be deemed the Highest and Best Bid (as defined below). No letter of intent or other written proposal submitted to the Debtor prior to the filing of this motion by any party other than EDG shall constitute or be considered a Qualified Bid for purposes of these sale procedures. The Debtor, in consultation with the Committee, shall be responsible for conducting the bid and sale process.

**Notice of Qualified Bidders**. On or before 5:00 p.m. Central Time on September 20, 2011, the Debtor shall file a notice with the Court identifying all Qualified Bidders and attaching copies of all bids that were timely received. All information received by the Debtor shall be shared with counsel for the Committee and counsel for EDG. The Debtor shall serve a copy of the notice and the corresponding bids on all Qualified Bidders by (a) facsimile or electronic mail or (b) overnight delivery.

**Auction**. If one or more timely Qualified Bids are received, an open auction for the Purchased Assets will be conducted on September 28, 2011, commencing at 10:00 a.m. Central Time at the offices of Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, Texas. Only Qualified Bidders may participate in the auction. All Qualified Bidders, or their authorized representatives, must be physically present or present via teleconference at the auction. At the commencement of the auction, the Debtor shall announce the bidding order, which shall be based on: (i) the amount of the Qualified Bidder's bid (from low to high); and (ii) if Qualified Bids are identical, the time the Qualified Bids were delivered to the Debtor (the first such received identical bid going first in the auction); *provided, however*, that EDG shall bid last in any bidding round in which it participates. Minimum overbid increments at the auction shall be in the amount of not less than $150,000.

**Selection of the Highest and Best Bid**. At the conclusion of the auction, the Debtor will announce the highest and best Qualified Bid (the "Highest and Best Bid") and the next highest and best Qualified Bid (the "Back-Up Bid"). The Debtor will seek approval of the Highest and Best Bid at the Confirmation Hearing. If for any reason, the Qualified Bidder submitting the Highest and Best Bid fails to timely consummate the purchase of the Purchased Assets, the Debtor may seek to consummate a sale based on the Back-Up Bid without further approval by the Court. The Back-Up Bid and the obligation of the party submitting such bid to consummate the purchase of the Purchased Assets shall remain open and in full force until the close of a sale of the Purchased Assets to the party making the Highest and Best Bid or the party making the Back-Up Bid.

**Return of Deposits**. Within two business days after the conclusion of the auction described above, the Debtor shall return by check the full amount of the Alternative Buyer's Deposit submitted by each party that is not selected as submitting the Highest and Best Bid or the Back-Up Bid. If the sale of the Purchased Assets is consummated with the party submitting the Highest and Best Bid, the Alternative Buyer's Deposit of the party that is declared the Back-Up Bid shall be returned by check transfer within two business days after the closing of the sale to the party submitting the Highest and Best Bid. In the event that closing does not occur by the date specified by the Back-Up Bidder in its bid, it shall be entitled (at its option) to return of its deposit, in which case it shall no longer have the status of Back-Up Bidder. If EDG's bid is neither the Highest and Best Bid or the Back-Up Bid, then its Deposit (defined below) shall be returned within twenty-four (24) hours of the conclusion of the auction.

9. The foregoing sale procedure provides an appropriate framework to ensure that the Debtor's goal of obtaining the maximum value for the Purchased Assets is realized. The proposed process is transparent and represents a fair balance of the competing issues present in this case.

**Requested Expense Reimbursement**

10. In connection with the Term Sheet and Asset Purchase Agreement, the Debtor seeks approval of a capped expense reimbursement (the "Expense Reimbursement"). Specifically, if (i) the Asset Purchase Agreement is terminated as a result of a breach by the Debtor, or (ii) the Debtor accepts a bid from an alternative bidder, or (iii) a plan of liquidation approving the sale to EDG as provided for in the Term Sheet and the Asset Purchase Agreement is not confirmed on or before October 19, 2011, then the Debtor shall pay to EDG reimbursement of all expenses incurred by EDG in connection with the transaction, up to a maximum of $350,000 (the "Expense Reimbursement").  The Debtor's obligation to pay the Expense Reimbursement shall constitute an administrative expense of the kind specified in § 503(b)(1) of the Bankruptcy Code, shall constitute a carve out from any and all encumbrances on the Purchased Assets (which carve out shall transfer to any and all encumbrances on the proceeds thereof at the closing) and shall not be subject to secured claims of any party, and, notwithstanding any other order of the Bankruptcy Court.  The $500,000 deposit made by EDG (the "Deposit") shall be held in an interest bearing segregated escrow account with Debtor's counsel and shall not be intermingled with, or deemed to be, an asset of the estate.  The Deposit shall not be subject to any adverse claims or liens against the Debtor.  The Debtor shall return the Deposit (if not previously returned in accordance with the provisions in Paragraph 8 concerning Return of Deposits) and pay the Expense Reimbursement to EDG upon the earliest to occur of: (i) the closing of an alternative transaction; (ii) the termination of the Asset Purchase Agreement except as a result of a breach by EDG; and (iii) the failure to timely confirm a Plan in accordance with the deadlines established in the Term Sheet and the Asset Purchase Agreement.

11. The Debtor believes that the Expense Reimbursement is appropriate under the circumstances as a cost of ensuring that the Debtor's bankruptcy estate maximizes value for the

Purchased Assets, while also providing the Debtor with the opportunity to continue its marketing efforts. The Debtor believes that the amount of the cap on the Expense Reimbursement is imminently reasonable for a transaction of the type and size contemplated, and in light of the attendant risks present in this case.

12. The determination of whether a stalking horse fee/expense arrangement should be allowed is based on whether the fees and expenses are necessary to preserve the value of the estate. *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 534 (3d Cir. 1999). Courts have evaluated such arrangements under the business judgment rule standard. *Cottle v. Storer Communications, Inc.*, 849 F.2d 570 (11th Cir. 1988); *CRTF Corp. v. Federated Dep't Stores*, 683 F.Supp. 422 (S.D.N.Y. 1988); *In re Integrated Res., Inc.*, 147 B.R. 650, 657 (S.D.N.Y. 1992), *appeal dismissed by* 3 F.3d 49 (2d Cir. 1993); *see also In re Twenver, Inc.*, 149 B.R. 954 (Bankr. D. Colo. 1992). The considerations that underlie a debtor's business judgment to pay a break-up fee or expense reimbursement are relevant to the Court's determination of the request. *Id*.

13. It is well-established that "[a] bankruptcy court should uphold a break-up fee which was not tainted by self-dealing and was the product of arm's-length negotiations." *In re Integrated Res., Inc.*, 147 B.R. at 658. In the instant case, the proposed Expense Reimbursement and bid protections have been the product of good faith, arm's-length negotiations between the Debtor and EDG. The proposed Expense Reimbursement is based on actual expenses incurred and is within the spectrum of "break-up fees" approved by bankruptcy courts in chapter 11 cases throughout the country. *See e.g., In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y., April 8, 2004) (court approved break-up fee equal to 5% of the purchase price); *In re TransCom USA Management Co., L.P.*, Case No. 01-35158 (KKB) (Bankr. S.D. Tex., February

12, 2002) (court approved a break-up fee of more than 3.6% of the purchase price for the assets); *In re Ameriserve*, Case No. 00-0358 (PJW) (Bankr. D. Del., September 27, 2000) (court approved a break-up fee of 3.64% or $4,000,000 in connection with $110,000,000 sale).

Accordingly, the Debtor requests that the Court (i) approve the motion as set forth above; and (ii) grant the Debtor other just relief.

**Dated: August 11, 2011.**

Respectfully submitted,

**Porter Hedges LLP**

By: /s/ Joshua W. Wolfshohl
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6253 (Facsimile)
**Counsel for the Debtor**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case on August 11, 2011.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl

**SERVICE LIST**

AB Hawaii Royal MacArthur LLC
c/o Gary Kessler
Kessler Collins PC
2100 Ross Ave, Suite 750
Dallas, TX  75201-6707

Aldine Independent School District
Susan R. Fuertes
14910 Aldine Westfield
Houston, TX  77032-3028

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA  19355-0701

Apelles Master Fund I, Ltd.
c/o Shari L. Heyen
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX  77002-5001

Apelles Investment Management
767 3rd Avenue, 17th Floor
New York, NY 10017

Carrollton-Farmers Branch Independent School
c/o Andrea Sheehan
Law Offices of Robert E. Luna, PC
4411 North Central Expressway
Dallas, TX  75205-4210

Cyrus Networks, LLC
c/o Craig H. Cavalier, Attorney at Law
P.O. Box 270565
Houston, TX  77277-0565

Fairfield Argenis
Fairfield Greenwich Advisors, LLC
575 Madison Avenue, 8th Floor
New York, NY 10022

Diabetes America, Inc.
11321 Fallbrook Drive
Houston, TX  77065-4232

GMAC Mortgage, LLC
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
San Diego, CA  92117-3600

Katy ISD
Montgomery County
Harris County
c/o John P. Dillman
Post Office Box 3064
Houston, TX  77253-3064

L. David Smith
Chernosky, Smith, Ressling & Smith, PLLC
4646 Wild Indigo
Suite 110
Houston, TX  77027-7190

Pearland MOB, Ltd.
c/o Mark C. Taylor
100 Congress Avenue
18th Floor
Austin, TX  78701-4042

Richardson ISD, Dallas County Utility & Reclamation
c/o Elizabeth Banda Calvo
Perdue Brandon Fielder et al.
P.O. Box 13430
Arlington, TX  76094-0430

Strasburger & Price, LLP
Duane J. Brescia
600 Congress Ave., Suite 1600
Austin, TX  78701-2974

2357005v1

Tres Colegas Realty Partners, Ltd.
c/o Michael Flume
FLUME LAW FIRM, LLP
1020 NE Loop 410, Suite 200
San Antonio, TX  78209-1218

Ventana Properties Inc.
c/o Michael J. Durrschmidt
Hirsch & Westheimer
700 Louisiana, Suite 2550
Houston, TX  77002-2772

Tracy D. Fink
Pite Duncan, LLP
4375 Jutland Dr., Suite 200
PO Box 17833
San Diego, CA 92177-0933

Aetna Life Insurance Company
P.O. Box 981105
El Paso, TX  79998-1105

Afton Capital, Inc.
2440 Camino Del Avion A304
Dana Point, CA  92629

Amanda R. Keiser
Weycer, Kaplan, Pulaski & Zuber, P.C.
Eleven Greenway Plaza, Suite 1400
Houston, TX  77046-1130

Anan Anabtawi
24040 Camini Del Avion #304
Dana Point, CA  92629-4005

Arizona Medicare Part B
P.O. Box 6704
Fargo, ND  58108-6704

BCBS of Texas – Co Health Insurance
Attn:  Cashier Health Care Service Corp.
P.O. Box 660049
Dallas, TX  75266-0049

Bank of America
Steeplechase Branch
11025 FM 1960 Road West
Houston, TX  77065-3611

Baytree Leasing Company, LLC
721 N. McKinley, Suite 200
Lake Forest, IL 60045

Bexar County
c/o David G. Aelvoet
711 Navarro Suite 300
San Antonio, TX  78205-1749

Bonita Groesser
4451 Castle Court Place
Houston, TX  77006-5763

Brad T. Wyly
Wyly Law Firm, P.C.
3401 Louisiana, Suite 280
Houston, TX  77002-9589

Briggs & Veselka Co.
6575 West Loop South
Suite 700
Bellaire, TX  77401-3595

Bruce Feuchter Esq.
Stradling, Yucca, Carlson & Rauth
660 Newport Center Drive, Suite 1600
New Port Beach, CA  92660-6458

Cardinal Health, Inc.
c/o Totz Ellison & Totz
Suite 510
Houston, TX  77098

Clay M. Taylor
Katherine L. Thomas
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX  76102-3194

DCOA – Physicians Associates, PA
11310 Fallbrook Suite 100
Houston, TX  77065

Denly ACI Partners, Ltd.
Attn:  Mark Von Waaden
13809 Research Blvd., Suite 810
Austin, TX  78750-1211

Dennis C. Von Waaden and
Sally Von Waaden, Co-Trustees
Of the Von Waaden 204 Revocable Trust
13809 Research Blvd., Suite 810
Austin, TX  78750-1211

Disability Determination Services
P.O. Box 149198
Austin, TX  78714-9198

EBKT-DA, LLC
Lee A. Ohliger
Carter Ledyard & Milburn
2 Wall Street
New York, NY  10005-2072

Frank Basile
Dina Basile
3010 LBJ Freeway, Suite 200
Dallas, TX  75234-2723

Frank Basile
c/o Richard G. Dafoe
Vincent Lopez Serafino & Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, TX  75201-7274

Frank Monroe
Christopher H. Trickey
Graves, Doughtery, Hearon & Moody, P.C.
401 Congress Ave, Suite 2200
Austin, TX  78701-3790

GE Healthcare IITS USA Corp.
Attn:  Maria Dionne, A/R
40 IDX Drive
South Burlington, VT  05403-7771

Graham Houston II Medical Building LP
505 Fifth Avenue, Suite 200
Des Moines, IA  50309-2449

Hal Morris
Assistant Atty General/Managing Atty
Bankruptcy Regulatory Section
300 West 15th Street, MC 008
Austin, TX  78701-1649

Identity Architects
8807 W. Sam Houston Parkway N.
Suite 111
Houston, TX  77040-5321

Insolvency Group
Internal Revenue Service
1919 Smith St.
STOP 5022 HOU
Houston, TX  77002-8049

James E. Bailey III
Butler, Snow, O'Mara, Stevens
6075 Poplar Avenue, Suite 500
Memphis, TN  38119-0102

James M. Welch
Vincent Lopez Serafino, Jenevein, P.C.
1601 Elm Street, Suite 4100
Thanksgiving Tower
Dallas, TX  75201-7274

Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, TX  76015-2936

John Locy
5322 Totruga Trail
Austin, TX  78731-4520

Jonathan L. Howell, Esq.
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX  75201-3302

K.B. Centre, Ltd.
8554 Katy Freeway
Suite 301
Houston, TX  77024-1804

Kimon J. Angelides
3614 University Blvd.
Houston, TX  77005-3360

Konica Minolta Premier Finance
P.O. Box 790448
St. Louis, MO  63179-0448

MOB 124 of Texas, L.P.
c/o John C. Dunne
1001 McKinney, Suite 1100
Houston, TX  77002-6424

Mark and Jane Osman
906 Rock Spring Cove
Round Rock, TX  78681

Matlock Park Place, LP
c/o Jonathan L. Howell, Esq.
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX  75201-3302

Matthew R. Reed
Rhett G. Campbell
Thompson & Knight LLP
333 Clay St., Suite 3300
Houston, TX  77002-4499

Medcap Properties, LLC
98 San Jacinto Bl., Suite 1810
Austin, TX 78701

Medicaid NHIC
P.O. Box 20055
Austin, TX  78720

Medicare Part B. Texas
P.O. Box 660156
Dallas, TX  75266-0156

MetroBank
9600 Bellaire Blvd.
Suite 252
Houston, TX  77036-4520

MetroBank, N.A.
Bellaire Branch
Attn:  Robert Lee
9600 Bellaire Blvd, Suite 101
Houston, TX  77036-4533

NASA Parkway MOB
SJH Medical Office Partners
11360 Jog Road
Suite 200
Palm Beach Gardens, FL  33418-1751
Attn: Melissa Robles

Nueces County
c/o Diane W. Sanders
Linebarger Goggan Blair & Goggan
P.O. Box 17428
Austin, TX  78760-7428

O.N. Baker, Attorney at Law, Inc.
8554 Katy Freeway, Suite 301
Houston, TX  77024-1804

Office of the Attorney General
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Office of the Attorney General
Main Justice Building, Room 5111
10th Street & Constitution Avenue, N.W.
Washington, DC  20530-0001

Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, TX  77002-2604

PRU CB Limited Partnership
Wells Fargo Department 4282
P.O. Box 202220
Dallas, TX  75320-2220

PSS – San Antonio Research
6601 Guada Coma Drive
Suite 250
Schertz, TX  78154-3256

Pasadena Independent School District
c/o Dexter D. Joyner
Law Office of Dexter D. Joyner
4701 Preston Avenue
Pasadena, TX  77505-2050

Physician Sales & Service
Attn:  Julia Moore
15550 Vickery Dr., Suite 200
Houston, TX  77032-2583

Premium Assignment Corporation
P.O. Box 3100
Tallahassee, FL  32315-3100

Rebecca Sewell
Senior Property Manager
HPI Real Estate Management, Inc.
4538 Centerview Drive, Suite 151
San Antonio, TX  78228-1304

Restasure Digital Healthcare, Inc.
343 South White Street
Wake Forest, NC  27587-2916

RiverStone Wealth Management
7801 Capital of Texas Highway
Suite 310
Austin, TX  78731-1196

Robert Simpson
Assistant General Counsel
Texas Medical Board
333 Guadalupe, Tower 3, Suite 610
Austin, TX  78701

Rosemary Mazanet
c/o Sheri L. Heyen
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX  77002-5001

SM Center Conroe Ltd.
Attn:  Patrick Murphy
2605 LBJ Frwy
Suite A
Dallas, TX  75234-7348

Sealy Westport Portfolio, L.P.
Dept. #1593
P.O. Box 1124
Birmingham, AL  35246-1593
Attn: Richard Howell

Richard T. Howell
Sealy Westport Portfolio LP
Bukley, White, Castaneda & Howell, LLP
2401 Fountainview, Suite 1000
Houston, TX 77057

Gilbert B. Weisman
Becket & Lee LLP
POB 3001
Malvern, PA 19355-0701

Strasburger & Price, LLP
c/o Duane J. Brescia
600 Congress Ave., Suite 1600
Austin, TX  78701-2974

Tarrant County
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2323 Bryan Street, Suite 1600
Dallas, TX  75201-2644

Texas Workforce Commission
101 East 15th Street
Austin, TX  78778-0001

Townsend Crossing, LP
Attn:  Mr. David Mulligan
1513 Highway 69, #42
Nederland, TX  77627-7807

TrailBlazer Health Enterprises, LLC
Executive Center III
8330 LBJ Freeway
Dallas, TX  75243-1166

U.S. Attorneys Office
Southern District of Texas
P.O. Box 61129
Houston, TX  77208-1129

Unilev Management Corporation
Dept. 456
P.O. Box 4408
Houston, TX  77210-4408

Ventas Bayshore
c/o Grubb & Ellis Mgmt Svcs
500 W. Monroe St. Suite 2800
Chicago, IL  60661-3773

Venue at Hometown, Ltd.
Attn:  Richard A. Myers
8333 Douglas Ave., Suite 110
Dallas, TX  75225-5811

Verizon Business
P.O. Box 371355
Pittsburgh, PA  15250-7355

Weingarten Nostat, Inc.
Attn:  Jenny J. Hyun, Esq.
c/o Weingarten Realty Investors
2600 Citadel Plaza Drive, Suite 125
Houston, TX  77008-1351

YS & LS & LS Partnership, Ltd.
6017 St. Denis St.
Corpus Christi, TX  78414-6255

Barbara M. Rogers
The Plaza at Callagham Road
Rogers & Anderson, PLLC
1415 N. Loop West, Suite 1020
Houston, TX 77008

H. Joseph Acosta
Michael W. Bishop
Looper Reed & McGraw, P.C.
1601 Elm Street, Suite 4600
Dallas, TX 75202

Jason M. Rudd
Diamond McCarthy LLP
909 Fannin, Suite 1500
Houston, TX 77010

Todd A. Feinsmith, Esq.
Attorney at Law
Pepper Hamilton LLP
15th Floor, Oliver Street Tower
125 High Street
Boston, MA 02110-2736